**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO:**

DOMINIQUE MOSLEY, and
all others similarly situated under
*29 U.S.C. 216(b),*

      Plaintiff(s),

v.

CARIBBEAN LAWN & LANDSCAPE, INC.,
a Florida Profit Corporation, and
BRIAN STOLZE, individually,

      Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, DOMINIQUE MOSLEY ("Plaintiff") pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, CARIBBEAN LAWN & LANDSCAPE, INC. ("CLL"), and BRIAN STOLZE ("STOLZE"), individually (collectively referred to hereinafter as "Defendants"), on behalf of himself, and all others similarly situated, and alleges:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of overtime compensation during the course of their employment. This action, arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Indian River County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, CLL, was a Florida for-profit corporation located and transacting business within Vero Beach, Florida, within the jurisdiction of this Honorable Court. CLL is headquartered and operates its principal location at 7220 41st Street Vero Beach, FL 32967.

4. Defendant, CLL, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, STOLZE, was a resident of the Southern District of Florida.

6. During all times material hereto, Defendant, STOLZE has been the President and Director of the CLL.

7. During all times material hereto, Defendant, STOLZE, was over the age of 18 years, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, CLL.

8. Defendant, STOLZE, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations.

## JURISDICTION AND VENUE

9. All acts and omissions giving rise to this dispute took place within Vero Beach, Florida, which falls within the jurisdiction of this Honorable Court.

10. Defendant, CLL, is headquartered and regularly transacts business in Indian River County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

12. Defendant, CLL, provides landscaping services, lawn care, pest control, irrigation installation, landscape lighting, and termite prevention for residential and commercial properties in the State of Florida, and has done so since at least 1991.

13. Defendant, CLL employs individuals such as Plaintiff to perform the labor involved in landscaping services, lawn care, pest control, irrigation installation, landscape lighting, and termite prevention services to clients throughout Florida's Treasure Coast.

## FLSA COVERAGE

14. Defendant, CLL, is covered under the FLSA through enterprise coverage, as CLL was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, CLL'S business and Plaintiff's work for CLL affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, CLL, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

15. During his employment with Defendant, CLL, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to: lawn mowers, gardening tools, lawn fertilizers,

    garbage bags, sprinklers, weed control treatments, mulch, pavers, soils, landscaping rocks, wall blocks, stepping stones, landscape fabrics, spades, shovels, planting tools, rakes, pitchforks, garden hoes, cultivators and weeders, clothing, pruning knives, shears, scrapers, etc.

16. Defendant, CLL, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, CLL'S business an enterprise covered by the FLSA.

17. Upon information and belief, Defendant, CLL, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, and 2018, and is expected to gross in excess of $500,000.00 in 2019.

18. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, CLL, and STOLZE, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

19. In May 2016, Plaintiff began working for Defendants, CLL and STOLZE, and continued to do so until about October 10, 2019.

20. Plaintiff worked an average of fifty-five (55) hours per week throughout his entire employment with Defendants.

21. From on or about May 2016 through May 2017 Defendants paid Plaintiff $10.00 per hour.

22. From about May 2016 through May 2017 Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

23. Defendants were expressly aware of the overtime work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving the proper overtime rate for any hours worked from May 2016 through May 2017.

24. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and is therefore entitled to recover liquidated damages, reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

25. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 24 as though set forth fully herein.

26. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

27. During the time period relevant to this lawsuit, Plaintiff worked an average of fifty-five (55) hours per week.

28. From May 2016 through May 2017 Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

29. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate of half-time per hour, for all hours worked in excess of forty (40) per week.

30. Plaintiff therefore claims the half-time rate for each hour worked in excess of forty (40) per week, during the time period between May 2016 until May 2017.

31. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA and after May

2017 started to regularly pay Plaintiff overtime. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the time period between May 2016 till May 2017.

32. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

33. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

34. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, DOMINIQUE MOSLEY, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, CARIBBEAN LAWN & LANSCAPE, INC., and BRIAN STOLZE, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, DOMINIQUE MOSLEY, requests and demands a trial by jury on all appropriate claims.

**Dated this 23rd day of October, 2019.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        805 E. Broward Blvd. Suite 301
        Fort Lauderdale, Florida 33301
        Ph: (954) 871-0050
        *Counsel for Plaintiff, Dominique Mosley*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        MELISSA SCOTT, ESQUIRE
        Florida Bar No. 1010123
        *Jordan@jordanrichardspllc.com*
        *Melissa@jordanrichardspllc.com*
        *Jake@jordanrichardspllc.com*
        *Stephanie@jordanrichardspllc.com*
        *Mike@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 23, 2019.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

## SERVICE LIST: